**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD SMITH**, *et al.*, | : | |
| Plaintiffs, | : | **Case No. 2:08-cv-15** |
| v. | : | **Judge Holschuh** |
| **OHIO DEPARTMENT OF REHABILITATION AND CORRECTION**, *et al.*, | : | **Magistrate Judge King** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, inmates at Chilicothe Correctional Institution (CCI), bring this class action lawsuit against Defendants, seeking declaratory and injunctive relief as well as nominal and punitive damages for exposure to unabated asbestos throughout CCI. (First Am. Compl., Doc. # 18.) This Court has not yet certified the class. This matter is currently before the Court on several objections filed by putative class members, inmates at CCI. (Docs. ## 95, 96, 99, 105, 106, 107, 108, 109, 113, 118.)

**I. Objections/Motions to Reconsider this Court's March 31, 2010 Order (Docs. ## 95, 96, 99, 107)**

    **A. Background**

Plaintiffs' First Amended Complaint originally sought class certification under Federal Rules of Civil Procedure 23(b)(1)(B), 23(b)(2), and/or 23(b)(3). (First Am. Compl., Prayer for Relief ¶ 1.)[1]

---

[1] Fed. R. Civ. P. 23 governs class actions and subsection (b) sets forth the requirements for the different "types of class actions." Fed. R. Civ. P. 23(b) states, in relevant part:
    **(b) Types of Class Actions**. A class action may be maintained if Rule 23(a) is satisfied and if:
    **(1)** prosecuting separate actions by or against individual class

Thereafter, the original motion for class certification, filed on April 15, 2009, sought certification of a Rule 23(b)(2) class. (Doc. # 23.)  Under Fed. R. Civ. P. 23(b)(2), a class action may be maintained if the requirements of Rule 23(a) have been met and, if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  The requirements of Rule 23(b)(2) are designed to permit only cohesive, homogeneous classes such that significant individualized claims or determinations will not arise and predominate the action. <u>Coleman v. Gen. Motors Acceptance Corp.</u>, 296 F.3d 443, 447 (6th Cir. 2002); <u>Lemon v. Int'l Union of Operating Eng'rs</u>, 216 F.3d 577, 580 (7th Cir.2000); <u>Barnes v. Am. Tobacco Co.</u>, 161 F.3d 127, 143 (3d Cir.1998).  Any claims for monetary damages cannot predominate the claims for injunctive relief, or require highly individualized proof or determinations, if the action is to be certified and maintained as a 23(b)(2) class action. <u>See</u> <u>id</u>.  In Plaintiffs' original motion for a class 23(b)(2) certification, Plaintiffs state that, "Plaintiffs do not seek individual compensatory damages" but yet, contend that nominal and punitive damages "constitute group remedies concomitant to the primary

---

members would create a risk of:
. . .
**(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

injunctive and declaratory relief sought through Rule 23(b)(2)." (Pls.' Mot. Class Cert. 3, doc. # 23.) This is a highly debatable claim and one on which the Court has not rendered a decision.

After the parties engaged in settlement negotiations for nearly one year following the filing of Plaintiffs' motion for class certification, the parties jointly filed a motion to certify a class for settlement purposes. (Doc. # 73.) In that joint motion, the parties still sought certification of a Rule 23(b)(2) class but sought to withdraw the original motion for class certification (doc. # 23), indicating that they had agreed to broad terms of settlement, terms which no longer included the nominal and punitive damages sought in the original motion for class certification. (Doc. # 73.) However, the parties indicated that the proposed settlement would "preserve any individual claims for damages stemming from the same or similar allegations as those in the complaint." (Id.) The joint motion further asked the Court to stay proceedings on all pending and future motions for leave to intervene, pending resolution of the motion to certify. (Id.) Finally, the parties asked that the statute of limitations for all putative members of the plaintiff class be tolled pending resolution of the joint motion to certify the settlement class. (Id.) On March 31, 2010, the Court granted the above requested relief, ordering the original motion to certify (doc. # 23) withdrawn. (Doc. # 76).

### B. Objections

On May 12, 2010, the first of several objections to the withdrawal of the original motion to certify was filed. (Doc. # 95.) Two more objections followed (docs. ## 96, 99), and all three lodged objections to this Court's March 31, 2010 Order on the same basis: the withdrawal of Document No. 23 removed the putative class members' opportunity to recover nominal and punitive damages in the settlement. The inmates have alleged that it is not in their best interest to remove these claims for damages, as the effects of exposure to asbestos may not fully develop until the future and at that

point, it will be very costly for the inmates to pursue those claims. Thus, the inmates claim it is practical to pursue these damages in the present action. (Docs. ## 95, 96, 99.)

The Court received these objections as motions to reconsider and consequently, directed the named parties to respond to these objections. (Order of June 25, 2010, doc. # 103.) Since the Court issued that Order, an additional objection has been filed on the same basis as that mentioned above. (Doc. # 107.) The Court likewise receives this objection as a motion to reconsider. On July 9, 2010 (doc. # 116), and July 12, 2010 (doc. # 120), the named parties responded in opposition to the inmates' objections. The inmates had fourteen days to file reply briefs in support of their objections but have not done so. Thus, this matter is now ripe for decision.

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). Federal Rule of Civil Procedure 54(b) states, in pertinent part, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Court has "significant discretion" in considering a motion to reconsider an interlocutory order. See Rodriguez, 89 F. App'x at 959 n. 7. "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 959 (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Plaintiffs' counsel has responded that first, the class action complaint in this case does not seek individual compensatory damages and therefore, if any inmate has a documented, medically substantiated asbestos-related condition, he is free to file a separate cause of action. (Doc. # 116.) Counsel notes that he and the proposed class representative are unaware of any inmates with such a condition, however, if an inmate does have an asbestos-related physical injury, the pending litigation will not affect his rights in that regard.  Further, the Court has already tolled the statute of limitations pending the outcome the motion for class certification, to protect individual inmate claims. (Id.)

Second, Plaintiffs' counsel maintains that although nominal and punitive damages were originally sought in this case, and he has an opinion that this claim can be made under the Prisoner Litigation Reform Act ("PLRA"), if the Court accepted this argument, it would be the first time that this District Court allowed such damages under the PLRA "without proof of physical injury entitling the inmate to compensatory damages." (Id.)  The Sixth Circuit has not decided this issue, and it is difficult to predict how the court would rule on appeal.  Consequently,  given the absence of any controlling legal authority supporting the claim for nominal and punitive damages without proof of physical injury, the unpredictable and lengthy appellate process if these damages were granted by the district court, the lack of documented asbestos-related physical injuries to the inmates, and the pressing need to have the asbestos abated from the prison, it is in the best interest of the class to obtain injunctive relief through an abatement plan that will protect inmates from future exposure and to abandon Plaintiffs' "novel damages theory." (Id.)  Furthermore, the parties have preserved the inmates' rights to pursue their own claims for nominal and punitive damages in separate actions by including such protection in the proposed settlement and asking this Court to toll the statute of

limitations pending the outcome of the motion to certify. Therefore, this Court's March 31, 2010 Order allowing withdrawal of the original motion to certify has not resulted in prejudice to the inmates.

Defendants respond to the inmates' objections by first noting that they agree with Plaintiffs' response, above. (Doc. # 120.) Additionally, Defendants assert that the inmates have not demonstrated any prejudice suffered by the withdrawal of Document No. 23. Defendants argue that the "Joint Motion explicitly preserves the ability of members to file an individual action for compensatory damages and it would toll the statute of limitations while this motion is pending." This is for the benefit of the putative class members, and in fact, Defendants have noted that two putative class members have filed their own suits seeking compensatory damages related to asbestos exposure. Thus, the inmates have not suffered prejudice due to this Court's March 31, 2010 Order. (Id.)

The Court agrees with the parties and finds that nothing in the inmates' objections persuades this Court that it has committed a clear error of law or that the inmates will suffer a manifest injustice through the withdrawal of the original motion to certify. As explained above, the inmates have always had the right and ability to bring a separate cause of action to pursue compensatory damages for physical injury. Furthermore, their rights to pursue nominal and punitive damages have been adequately preserved by this Court's tolling of the statute of limitations and according to the parties, will continue to be preserved by the proposed settlement agreement. Therefore, the Court finds no error in its March 31, 2010 Order and overrules these objections, received as motions to reconsider that Order. (Docs. ## 95, 96, 99, 107.)

**II.     Objections to Class Representative Frederick and Withdrawal of Doc. No. 23 (Doc.**

**#109)**

On July 6, 2010, several inmates jointly filed an "Objection to alleged representative Jack Frederick's decision agreeing to dismiss document # 24 [*sic*] and replace it with document # 73 on behalf of class members without notifying class." (Doc. # 109.) The inmates primarily object to Frederick's "self-appointment" as class representative and argue that by agreeing to the withdrawal of the original motion to certify, he obviously does not share in the same interests as that of the class. The inmates argue that the majority of the putative class members do not agree with the decision to withdraw the claims for nominal and punitive damages by replacing the original motion to certify with the joint motion, Document No. 73. (Id.)

To the extent that this objection can be interpreted as presenting the same challenges to this Court's March 31, 2010 Order as explained above, the objection is overruled on the same grounds. To the extent that the inmates object to Frederick's appointment as class representative, their arguments are premature. The Court has not yet ruled on class certification, nor has it appointed Jack Frederick as a class representative. When the joint motion to certify the settlement class is supplemented with the proposed settlement, the Court will then consider certification of the settlement class, appointment of the class representative, and approval of the settlement agreement. At that time, the Court will consider any objections to the above matters. Thus, the objection is premature and overruled.

**III.    Objections to Proposed Settlement and Jury Demand (Docs. ## 105, 106, 108, 113)**

In identical language, several inmates have filed objections to the proposed settlement and simultaneously make a demand for a jury trial. (Docs. ## 105, 106, 108, 113.) The objections state that the potential class members "choose[] NOT to accept the proposed offer upon the above stated

7

grounds of relief . . . and REQUESTS the TRIAL BY JURY . . . ." (Id.) As explained above, a final proposed settlement has not yet been reached or filed with this Court. This Court also has yet to certify a settlement class or approve a final settlement. Thus, any objections to the proposed terms of settlement in this case are premature. As for the jury trial demand, the First Amended Complaint sets forth, and adequately preserves, the demand for a jury in this case to the extent, if any, the parties in this case are entitled to a jury. (Doc. # 18.) Thus, these objections are likewise not well-taken and therefore, overruled.

### IV. Objection to Doc. No. 73 as an Alleged Breach of Contract (Doc. # 118)

Finally, inmate Jerome Royster, who already filed an objection to the withdrawal of the original motion to certify (doc. # 95), discussed above, has filed an "Objection to document # 73 as an alleged breach of contract initiated by Jack Frederick." (Doc. # 118.) In this objection, Royster asserts that the purported class originally agreed to pursue monetary damages and that Frederick's decision to allow withdrawal of those claims breaches Plaintiffs' counsel's agreement to assert a claim for damages against Defendants. (Id.) To the extent that Royster objects again to this Court's Order of March 31, 2010, that objection has been considered and addressed above. To the extent that Royster's objection can be interpreted as objecting to Frederick's appointment as class representative, again, as discussed above, Frederick has not yet been appointed as a class representative and the certification of the settlement class is not yet ripe for decision by this Court. Finally, to the extent that Royster is attempting to state a claim for breach of contract, this is not the proper method or forum to do so. Therefore, this objection is likewise overruled.

### V. Conclusion

For all of the above reasons, the Court **OVERRULES** the inmates' objections. (Docs. # 95,

96, 99, 105, 106, 107, 108, 109, 113, 118).  The joint motion to certify a settlement class (doc. # 73) remains pending before this Court while the parties continue to negotiate the final terms of the settlement agreement and remediation plan.  The final terms of that agreement are dependent upon a re-inspection of CCI, which should be completed by Chryatech, Inc., no later than October 1, 2010, with a final report to follow by October 29, 2010.  The parties have proposed that they will use this final report to finalize the terms of settlement and supplement the pending joint motion for certification by November 30, 2010. (See Order, doc. # 123.)  At that time, the joint motion for class certification will be ripe for consideration by this Court.

**IT IS SO ORDERED.**


Date: August 12, 2010                                      **/s/ John D. Holschuh**
                                                           John D. Holschuh, Judge
                                                           United States District Court